09-4319-cv
*Dixon v. Sweeting-Lindsay*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of November, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*,
BARBARA S. JONES,
*District Judge.*[*]

─────────────────────────────

BENONI DIXON,

*Plaintiff-Appellant*,

-v.-                                        09-4319-cv

SHARON SWEETING-LINDSAY, CITY OF NEW YORK,

*Defendants-Appellees.*[**]

─────────────────────────────

───────────

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption in this action to conform to the caption in this order.

FOR APPELLANT:       WALE MOSAKU, Law Offices of Wale Mosaku, P.C., Brooklyn, NY.

FOR APPELLEES:       ELLEN RAVITCH, Assistant Corporation Counsel (Stephen J. McGrath, of Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from the Eastern District of New York (Wolle, *J.*).[***]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Appellant Benoni Dixon ["Appellant"] appeals from portions of a pre-trial order on evidentiary motions *in limine*, issued by the United States District Court for the Eastern District of New York (Wolle, *J.*) as well as from the subsequent jury verdict in favor of Defendant Sharon Sweeting-Lindsay ["Defendant"] and the City of New York [collectively "Defendants"]. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant contends that the District Court erred in precluding evidence concerning the criminal records of both

[***]The Honorable Charles Wolle, sitting by designation from the Southern District of Iowa.

2

Defendant and Defendant's husband. Appellant also contends that the District Court erred in allowing evidence concerning allegations that Appellant had threatened and otherwise acted inappropriately towards his co-workers. Further, he contends that the District Court erred in refusing to instruct the jury using language preferred by Appellant, and in denying his oral motion to set aside the jury's verdict.

Evidentiary decisions, including rulings on motions *in limine*, are reviewed on appeal for abuse of discretion. *See, e.g., Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). We "will reverse only if an erroneous ruling affected a party's substantial rights." *Id*. In precluding evidence concerning Defendant's and her husband's criminal records, the District Court reasoned that any probative value of that evidence was outweighed by the prejudicial effect the evidence would have on Defendant. We see no abuse of discretion here.

The District Court allowed evidence of allegations that Appellant had intimidated and otherwise acted inappropriately towards co-workers on the grounds that, by complaining about events in the workplace, Appellant had

opened the door to evidence concerning related workplace occurrences.  This evidence was admitted, not for the truth of the matter, but to establish Defendant's state of mind when she took allegedly retaliatory actions against Appellant.  Again, we see no abuse of discretion here.

This Court will find a jury instruction "erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (internal citation omitted).  Appellant has shown no defect in the instruction received by the jury.  We find no reversible error in the jury instruction as given by the District Court.  We have considered Appellant's remaining objections to the proceedings below and find them without merit.

For the foregoing reasons, the rulings of the District Court and the verdict rendered in favor of Defendants are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4